NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY PAUL HERNANDEZ
NAVARRO,

Petitioner-Appellant,

v.

KIM HOLLAND, Warden,

Respondent-Appellee.

No. 15-55152

D.C. No. 5:14-cv-00210-DOC-SH

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 2, 2017 [**]
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and SETTLE, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

1

Petitioner-Appellant Anthony Paul Hernandez Navarro ("Navarro") appeals the district court's denial of his petition for writ of habeas corpus seeking relief from a jury conviction in state court. Specifically, he argues that the state appellate court erred in upholding (1) the state trial court's credibility determination and (2) the state trial court's denial of his motion for a new trial. We review *de novo* a district court's decision on a petition for writ of habeas corpus. *Hall v. Haws*, 861 F.3d 977, 988 (9th Cir. 2017). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. Navarro argues that the state appellate court's decision upholding the trial court's adverse credibility determination was objectively unreasonable. This court may grant relief if the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984,

---

[1] The request for judicial notice, filed by Navarro on December 13, 2016, is granted.

2

999–1000 (9th Cir. 2014). Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *accord Mann v. Ryan*, 828 F.3d 1143, 1153 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1091 (2017). The state appellate court concluded that there was sufficient evidence to support the trial court's adverse credibility determination, including because the witness had a criminal history and had an incentive not to be labeled a "snitch." Navarro has failed to show that this decision was more than wrong and actually unreasonable. *Taylor*, 366 F.3d at 999. Moreover, federal habeas courts afford great deference to the credibility determinations of the state trial court. *Marshall*, 459 U.S. at 434. Therefore, the district court properly denied Navarro's petition on this issue.

2. Navarro argues that the state court's denial of his motion for new trial violated his due process right to a fair trial. "The mere existence of newly-discovered evidence does not constitute grounds for federal habeas corpus relief unless the evidence bears upon the constitutionality of the petitioner's detention." *Quigg v. Crist*, 616 F.2d 1107, 1112 (9th Cir.), *cert. denied*, 449 U.S. 922 (1980) (citing *Townsend v. Sain*, 372 U.S. 293, 317 (1963)). "It must be shown that the newly discovered evidence would probably have resulted in the defendant's

acquittal." *Gordon v. Duran*, 895 F.2d 610, 615 (9th Cir. 1990) (citing *Quigg*, 616 F.2d at 1112). In this case, the state court fulfilled its constitutional duties by accepting the proffered testimony and determining that it would not probably result in Navarro's acquittal. Therefore, Navarro has failed to show that the state appellate court's decision affirming the trial court's denial of a new trial resulted in a decision that was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

3. Finally, Navarro moves the panel to expand the certificate of appealability pursuant to Ninth Circuit Rule 22-1(e). We have reviewed the issue and conclude that reasonable jurists would not disagree with the district court's resolution of his sufficiency of the evidence claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, we decline to expand the certificate of appealability.

**AFFIRMED.**